**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:06 PM August 4, 2021**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| JOSEPH R RIFFLE, | : | CASE NO. 21-60250 |
| CANDACE K RIFFLE, | : | |
| | : | JUDGE RUSS KENDIG |
| Debtors. | : | |
| | : | **MEMORANDUM OF OPINION** |
| | : | **(NOT FOR PUBLICATION)** |
| | : | |

      Pending before the court is Debtors' Motion for Exemption from Financial Management Course (Doc. #16) (the "Motion"), filed July 12, 2021. In the Motion, Debtors seek to exempt Debtor-Joseph from the financial management course requirement. For the reasons set forth below, the Motion is denied.

      The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. Gen. Ord. No. 2012-07 (N.D. Ohio April 4, 2012). This matter is a core proceeding in which the court has statutory authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(A). And because the matter "stems from the bankruptcy itself," the court also has constitutional authority to enter final orders and judgments. Stern v. Marshall, 564 U.S. 462, 499 (2011). Pursuant to 28 U.S.C. § 1408, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

      This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

**BACKGROUND**

Debtors filed a joint petition for relief under chapter 7 of the Bankruptcy Code on March 3, 2021.  Debtor-Candace filed her financial management course certificate on July 13, 2021.  On July 12, 2021, Debtors filed the Motion in order to excuse Debtor-Joseph from taking the financial management course.  According to the Motion, Debtor-Joseph is incarcerated at the Stark County Detention Center and is unlikely to make bail.  The Motion also states that inmates at the Stark County Detention Center: (1) do not have access to computers; and (2) cannot be on the phone for more than 15 minutes.  The Motion also states that the course takes 2 hours to complete.

**DISCUSSION**

Section 727(a)(11) requires a debtor to complete the financial management course in order to obtain a discharge.  However, that section provides an exception for debtors who meet one of the conditions specified in 11 U.S.C. § 109(h)(4).  Section 109(h)(4) states:

> The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone.  For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

§ 109(h)(4).

Here, although the Motion does not specify how or why Debtor-Joseph meets any of the conditions in § 109(h)(4), the only plausible category Debtor-Joseph would fall under is "disability."  However, in In re Heim, No. 18-62067, 2019 WL 236231 (Bankr. N.D. Ohio Jan. 16, 2019) this court held that a debtor who was incarcerated and could not complete the credit counseling course did not have a "disability" for purposes of § 109(h)(4).  This court explained:

> Courts have not been sympathetic to this interpretation of the disability exemption.  The state of being physically restrained is not synonymous with being physically impaired.  In re Goodwin, 2009 Bankr. LEXIS 1362, at *3-4 (Bankr. N.D. Ga. 2009).  If the word 'disability' were read as meaning 'inability to show up,' that exemption would render the active military duty exemption entirely unnecessary and redundant.  Id.  Though incarceration 'may erect physical barriers' to completing the requirement, 'it is not a physical impairment in the sense that it is not an injury, defect, or

2

characteristic of this person's physical makeup that prevents him from doing what is necessary to obtain the briefing.' In re Larsen, 399 B.R. 634, 637 (Bankr. E.D. Ga. 2009). The view that incarceration is not a disability within the meaning of the statute is shared by courts throughout multiple circuits, including the Sixth Circuit. See, e.g., In re Anderson, 397 B.R. 363, 366-367 (B.A.P. 6th Cir. 2008); In re Bindus, 2008 Bankr. LEXIS 2387 (Bankr. N.D. Ohio 2008); In re Hubel, 395 B.R. 823, 826 (N.D.N.Y. 2008); In re Rendler, 368 B.R. 1, 4 (Bankr. D. Minn. 2007); In re McBride, 354 B.R. 95, 99 (Bankr. D.S.C. 2006).

The reasoning in Heim is equally applicable here. The only difference in this case is Debtor-Joseph is seeking an exemption from the financial management course instead of the credit counseling course. But it would be illogical for the court to say that incarceration does not qualify as a "disability" under § 109(h)(4) when the debtor is seeking an exemption from the credit counseling course, but then say that incarceration does qualify as a disability under § 109(h)(4) when the debtor is seeking an exemption from the financial management course. Thus, the Motion is denied.

## CONCLUSION

The court will enter a separate order in accordance with this opinion.

**Service List**:

Jennifer Elizabeth Donahue
Rauser & Associates LP
401 W. Tuscarawas Street
Suite 400
Canton, OH 44702

Lisa M. Barbacci, Trustee - Canton
PO Box 1299
Medina, OH 44258-1299

3